IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSIAH COMPTON, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO.  10-632-GPM |
| vs. ) | |
| ) | CRIMINAL NO. 04-30139-14-GPM |
| UNITED STATES of AMERICA , ) | |
| ) | |
| Respondent/Plaintiff. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner's motion requesting production of discovery (Doc. 1)[1] and his motion for appointment of counsel (Doc. 2).  In these motions, Petitioner seeks discovery and a court-appointed attorney with whom he can consult *before* filing a 28 U.S.C. § 2255 motion in this Court.  Petitioner believes that if obtains the documents he seeks, then he can establish that he is entitled to relief under § 2255.

While it is true that federal statutes and federal rules provide this Court with the discretion to appoint counsel and to permit discovery in § 2255 actions, *see* 18 U.S.C. § 3006A(a)(2)(B) and Rule 6 of the Rules Governing Section 2255 Proceedings for the United States Courts, such provisions presume that an actual § 2255 motion has been filed with the Court.

---

[1] The Clerk of Court filed this motion as one seeking to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  Although it appears that Petitioner intends to file a § 2255 motion at some point, the instant action does not seek to vacate, set aside or correct his sentence.  Instead, it seeks *discovery* – presumably to assist Petitioner in preparing his future § 2255 motion.

Furthermore, when Congress has authorized the appointment of counsel *before* a proper habeas action is filed, it has done so expressly and in much clearer language. *See* 18 U.S.C. § 3599(f); *McFarland v. Scott*, 512 U.S. 849, 855-56 (1994) (statutory right to counsel of habeas petitioner who is under a penalty of death attaches prior to the filing of a formal, legally sufficient habeas corpus petition). Because Petitioner's case does not involve the death penalty, he is neither constitutionally nor statutorily entitled to appointment of counsel – even after he files his § 2255 motion. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005); *Pitsonbarger v. Gramley*, 141 F.3d 728, 737 (7th Cir. 1998); *Oliver v. United States*, 961 F.2d 1339 (7th Cir. 1992); *Rauter v. United States*, 871 F.2d 693 (7th Cir. 1989). Rule 8(c) of the Rules Governing Section 2255 Proceedings, however, allows for appointment of counsel for indigent prisoners if an evidentiary hearing is required. *See* 18 U.S.C. § 3006A(a)(2)(B); FED. R. § 2255 Cases 8(c). Additionally, the Court must appoint counsel "[i]f necessary for effective discovery." Fed. R. § 2255 Cases 6(a).

Without an actual § 2255 motion having been filed, the Court cannot determine whether good cause exists for discovery, whether appointment of counsel is necessary for effective discovery, or whether an evidentiary hearing is warranted. Consequently, Petitioner's motion for production of discovery (Doc. 1) and his motion for appointment of counsel (Doc. 2) are **DENIED**, without prejudice.

**IT IS ORDERED** that within thirty (30) days of the date of this Memorandum and Order, Petitioner shall file a proper motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on the form provided by the Clerk of Court. The Clerk of Court is **DIRECTED** to provide Petitioner with the form for filing a § 2255 motion.

**IT IS FURTHER ORDERED** that if Petitioner fails to file a proper motion to vacate, set

aside, or correct sentence pursuant to 28 U.S.C. § 2255 on the form provided by the Clerk of Court, then the instant action will be dismissed for failing to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

DATED:  10/05/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge