IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSIAH COMPTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-632-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. 04-30139-GPM |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On November 13, 2012, this Court entered Judgment and dismissed Mr. Compton's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docs. 25, 26). Mr. Compton filed a notice of appeal (Doc. 27) and a motion for certificate of appealability (Doc. 28) on December 6, 2012.

In a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. 2253(c). Before a certificate of appealability "may be granted, however, the petitioner must present a 'substantial showing of the denial of a constitutional right.' He must have a *constitutional* claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012), *quoting* 28 U.S.C. § 2253(c)(2) and *Tennard v. Dretke,* 542 U.S. 274, 281 (2004) (emphasis in

original). "A petitioner makes a substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009), *quoting Arredondo v. Huibreqtse,* 542 F.3d 1155, 1165 (7th Cir. 2008).

In his § 2255 motion, Mr. Compton sought relief from Judgment on nine different bases (Doc. 25, p. 5). The currently pending request for certification identifies one claim that Mr. Compton will appeal: ineffective assistance of counsel, in that counsel failed to "properly litigate" a motion to suppress evidence made on the theory of an inadequate search warrant affidavit (Doc. 28).

In the Order denying Mr. Compton's § 2255 motion, the Court found that Mr. Compton's search warrant arguments provided no basis for relief. His arguments were both procedurally and substantively faulty. Neither were Mr. Compton's ineffective assistance of counsel claims at all persuasive—he failed to show both defective performance and prejudice. Notably, Mr. Compton's § 2255 motion does not state an ineffective assistance of counsel claim *for* failure to properly advocate a motion to suppress.

For the reasons set forth in the Court's Order at Doc. 25, Mr. Compton has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court **DECLINES** to issue a certificate of appealability. Pursuant to Federal Rule of Appellate Procedure 22(b), Mr. Compton may renew his request for a certificate of appealability to the Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED.**

DATED:   January 8, 2013

                                                  s/ *G. Patrick Murphy*
                                                  G. PATRICK MURPHY
                                                  United States District Judge